IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **FRED'S STORES OF TENNESSEE, INC.** )<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>**MANISH HASMUKH PATEL, and WOODARD, PATEL & SLEDGE,** )<br>)<br>Defendants. ) | **CIVIL ACTION NUMBER:**<br>**2:06cv299-SRW** |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

**COME NOW** the Defendants, Manish Hasmukh Patel and Woodard, Patel & Sledge, and hereby file this Brief in Support of the Defendants' Motion to Dismiss, filed heretofore. The Defendants' argue below that this Court should grant their Motion to Dismiss because the Plaintiff's Complaint fails to state any fact upon which relief can be granted against any of these Defendants. In support thereof, the Defendants submit this Brief.

### STATEMENT OF THE FACTS

Attorneys Manish Patel and his partnership Woodard, Patel & Sledge (hereinafter collectively referred to as "the attorneys") uncovered a systematic, management level pattern of sexual harassment and offers of *quid pro quo* employment treatment in exchange for sex involving victims of management in the Fred's Stores in Alabama. They undertook among others to represent Theresa Parker in a civil action against Fred's Stores of Alabama, a corporate division of Fred's Stores of Tennessee. The corporate conduct imposed upon the victim included but was not limited to the items set forth in the attached statement of claim filed by Theresa

Parker with her application for protection by the Equal Employment Opportunities Committee. See Patel affidavit, Exhibit 1.  The attorneys learned and had reason to believe that the local Fred's manager repeatedly made comments about the victim having to have sex with him, attempted to hold her and rub her, suggested that she should date him in order to advance her career, made comments about the private parts of her body, the size and shape of her body and constantly demanded that Parker engage in relations with him in exchange for enhanced pay and advancement.  The attorneys sought to put a stop to this conduct, first by writing to the general counsel of Freds' parent company in Tennessee by addressing correspondence to its general counsel.  See Patel affidavit, Exhibit 2.  Having no reply whatsoever to these requests for relief, the attorneys filed an application with the Equal Opportunity Commission for protection for this and other employees.  The Equal Employment Opportunity Commission issued forthwith its right to sue and the attorneys were then free to proceed with the filing of a civil action.  Having first researched the corporate records of the Secretary of State of Alabama it was determined that in accordance with the attached document that Fred's Stores of Alabama, Inc. was a division of Fred's Stores of Tennessee, Inc. and that the Fred's Stores of Alabama, Inc. had appointed Clark Campbell of Montgomery, Alabama as its registered agent for service of process.  See Patel affidavit, Exhibit 3.  Based upon this the attorneys had process issued to that individual and according to the civil case action summary in the Circuit Court for Covington County in CV2003-68 it was shown by the clerk that the defendant was served March 18, 2003.  See Patel affidavit, Exhibit 4.  Thereafter based on the belief that service was accurate, an application for default was filed with the court which default was granted.  On March 24, 2003 an opened envelope with process directed to the registered agent was returned to the clerk's office as being undeliverable but the obvious inference was that the defendant had been served, had <u>opened</u> the process and then refused it.  This was the belief of the attorneys.  See Patel affidavit, p. 2.

2

Based on having a judgment by default, the Court then set a subsequent hearing on August 8, 2003 for determination of damages. The Court by its Order directed the Clerk of the Court not only to send a copy of the notice of the hearing to the defendant at its registered agent but also directed that the clerk direct a copy of the notice of the hearing to the local Fred's store to the attention of the manager. See Patel affidavit, Exhibit 5.

On proper hearing before Judge Ashley McKathan and after hearing the testimony of Theresa Parker about what she had been through in her employment by the manager of Fred's Stores of Alabama, Inc. the judge on his own decision entered a judgment in the amount of $100,000.00, the majority of which was punitive because of the nature of the conduct.

Thereafter in April 2004, based on a facially valid judgment entered by a Court of confident jurisdiction, the defendant issued its request for garnishment to Southtrust Bank for the amounts owed to Theresa Parker.

Thereafter the defendants for the first time responded, moved to set aside the default, filed affidavits asserting facts which were not previously known to the attorneys and thereafter the default was set aside and the cases eventually settled.

From the perspective of the attorneys, not with the view of hindsight, service appeared valid, the registered agent appeared appropriate,[1] the application for default was entered, the default was entered appropriately, a special Order was served by the clerk on the local manager as well as on the registered agent so that there would be no question about the fact that there was going to be a hearing on August 8, 2003 to assess damages. After that hearing the Court signed a valid Order of judgment against the defendants upon which garnishment was issued.

At no time did the attorneys represent Fred's Stores of Alabama, Inc or its parent

---

[1] And even today Fred's Stores of Alabama, Inc. lists Clark Campbell at 260 Washington Avenue, Montgomery, Alabama as its registered agent for service of process.

company and Fred's has no standing to bring this action against the attorneys for prosecuting the action on behalf of their client. Alabama law recognizes no such cause of action for any negligence that may have been committed in the filing of this civil action.

On April 4, 2006, the Plaintiff, Fred's Stores of Tennessee, Inc. filed this lawsuit against the Defendants by way of Alabama Code section 6-5-570 (1975), commonly known as the Alabama Legal Services Liability Act. The plaintiff's complaint also appears to pursue liability under common law theories of fraud, misrepresentation and negligence/wantonness.

## STANDARD OF REVIEW

A motion to dismiss is proper when it is clear the plaintiff cannot prove any set of circumstances upon which relief can be granted. FED. R. CIV. P. 12(b)(6); See Fogarty v. Parker, Poe, Adams, and Bernstein, L.L.P., et al., 2006 WL 2383376 (Ala 2006).

## LEGAL ARGUMENT

I. **THE PLAINTIFF'S COMPLAINT FAILS TO ALLEGE AN ACTIONABLE CLAIM AGAINST THE ATTORNEYS SINCE THE PLAINTIFF WAS NEVER ENGAGED IN AN ATTORNEY-CLIENT RELATIONSHIP WITH THE ATTORNEYS.**

This Court should dismiss all portions of the plaintiff's Complaint which assert any cause of action pursuant to Alabama Code section 6-5-570 et. seq. (known as the Alabama Legal Liability Services Act) as those portions fail to state a claim for which relief can be granted because the Alabama Legal Services Liability Act applies only to lawsuits arising out of an attorney-client relationship

   a. **Only a "client" at one time engaged in an attorney-client relationship may sue a legal service provider under the provisions of the Legal Services Liability Act.**

Pursuant to Alabama law, there is only "one form and cause of action against legal service providers in courts in the State of Alabama and it [is] known as the legal service liability action."

4

ALA. CODE § 6-5-573 (1975).  The legislature has mandated, and the courts in Alabama have consistently instructed that the **promulgation of the legal services liability act abrogated all common law causes of action against attorneys for actions taken in the performance of legal services** and **all legal malpractice actions are governed by the Alabama Legal Services Liability Act**[2] ( hereinafter referred to as the "ALSLA").  ALA. CODE § 6-5-570 et seq.; Fogarty v. Parker, Poe, Adams, and Bernstein, L.L.P., et al., 2006 WL 2383376 (Ala. 2006) (held that the Alabama Legal Services Liability Act does not apply to an action filed against a legal service provider by someone whose claim does not arise out of the receipt of legal services); Bryant v. Robledo, 2005 WL 1532310 Ala. Civ. App. 2005) ("All actions against legal-service providers that allege a breach of their duties in providing legal services, both common-law and statutory claims such as breach of a duty, negligence, misrepresentation, and the like are all subsumed into a single cause of action under the Alabama Legal Services Liability Act"); Borden v. Clement, 261 B.R. 275 (N.D. Ala. 2001); Sessions v. Espy, 854 So.2d 515 (Ala. 2002); Peterson v. Anderson, 719 So.2d 216 (Ala. Civ. App. 1997); Robinson v. Benton, 842 So.2d 631(Ala. 2002);; Dennis v. Northcutt, 887 So.2d 219 (Ala. 2004).  Therefore, all lawsuits alleging legal malpractice or an attorney's breach of the standard of care **must** be brought pursuant to the ALSLA.

---

[2] The courts' interpretation of Alabama Code 6-5-570, et. seq., is congrous with the stated legislative intent of the statute; specifically, the legislature included precatory language in the statute stating: "It is the intent of the Legislature to establish a comprehensive system **governing all legal actions against legal service providers**.  The Legislature finds that in order to protect the rights and welfare of all Alabama citizens and in order to provide for the fair, orderly and efficient administration of legal actions against legal service providers in the courts of this state, **this article provides a complete and unified approach to legal actions against legal service providers and creates a new and single form of action and cause of action exclusively governing the liability of legal service providers known as a legal service liability action** and provides for the time in which a legal service liability action may be brought and maintained is required." ALA. CODE 6-5-570 (1975).

Here, the Plaintiff corporation was never at any time engaged in an attorney-client relationship with the Defendants and, therefore, the Plaintiff cannot file suit under the provisions of the ALSLA as it is only a viable method for filing a cause of action when an attorney has breached its fiduciary duties to a client. Since the Defendants were never engaged in such a relationship with the Plaintiff, the ALSLA is an improper and unavailable method for filing a viable lawsuit against these Defendants and this Court should dismiss the Plaintiff's Complaint accordingly.

    b.    **The Plaintiff's attempts to sue the attorneys under common law theories of negligence/wantonness similarly fail to state an actionable claim against the attorneys pursuant to clearly established law.**

The Plaintiff's claims for negligence/wantonness should be dismissed as there exists in Alabama no actionable claim for negligence or wantonness against a legal service provider engaged in the practice of legal services. See Ala. Code, §6-5-570 (1975); Bryant v. Robledo, 2005 WL 1532310 Ala. Civ. App. 2005) ("All actions against legal-service providers that allege a breach of their duties in providing legal services, both common-law and statutory claims such as breach of a duty, negligence, misrepresentation, and the like are all subsumed into a single cause of action under the Alabama Legal Services Liability Act"); J. R. Sessions v. H. Espey, 2002 W.L 31224433.

The substantive law in the state of Alabama absolutely rejects the concept of a claim or cause of action for negligence in the prosecution of a civil action. Please note *ex parte* State Farm Mutual Automobile Ins. Co., 924 So.2d 706 (Ala. 2005). Factually, the plaintiff there sought to enforce subrogation rights and made calls to the potential defendant and made at least one contact with her at her resident's address in Alabama. Ultimately a lawsuit was filed and the summons was addressed to an inappropriate address for service on the defendant. The plaintiff eventually served the defendant by publication and a default judgment was entered. A copy of

6

the case action summary was sent to the parties notifying them of the default judgment but probably sent to the incorrect address for the defendant.  After the default was set aside the defendant filed a counterclaim against the plaintiff State Farm contending that State Farm was negligent, reckless or wanton in its prosecution of the civil action and the taking of the judgment by default with improper service.  While the counterclaim plaintiff may have presented evidence of negligent in the collecting of the default judgment and the use of the wrong address, the Alabama Supreme Court held that the gravamen of all of the Complaint regarding the collecting of the default judgment and the taking of the default and the attempts to enforce it was "actually seeking damages for negligent prosecution of a civil case, which is not cognizable under Alabama law".  The reasoning of the Court was that all persons should be free to resort to the Courts for redress of their wrongs and for enforcement of their rights and that this should be done without the peril of a suit for damages in the event of an unfavorable judgment.  After noting the general policy of this state that actions for or in the nature of a malicious prosecution are strongly disfavored, the Court went on to say that that same public policy "also disfavors bringing claims arising out of facts within the ambit of malicious prosecution but couched in other terms *especially general allegations of negligence, willfulness or wantonness*. . . . thus a claim of negligent prosecution of a civil action is not a cognizable tort claim in this state."

     The <u>State Farm</u> case is apropos.  Errors may occur which appear correct on the face of the dockets and docket sheets just as much as potential defendants may attempt to evade service.  At most in this case the plaintiff's claims boil down to simple claims is that the defendant attorney's conduct was negligent in their research for the identity of the true registered agent or in not reserving once there was some question as to whether service had been refused or evaded.  Any claim by the plaintiff in this case that its claim is for negligence in applying for the garnishment is somehow lacking in logic.  At the time the garnishment was applied for there was a facially

7

valid judgment based on an employee's testimony and the decision of the presiding judge of the circuit court to enter the judgment hence making it an enforceable judgment. To argue otherwise would require a stretch beyond reason. Even though the court eventually to set aside the judgment, the judgment was valid on its face at the time the garnishment was issued by the Court, not by counsel.

The days old Alabama Supreme Court decision in <u>Fogarty v. Parker, Poe, Adams, and Bernstein, L.L.P. et al</u>, 2006 WL 2383376 (Ala. August 18, 2006) also demonstrates that the only cause of action available to a non-client against a legal service provider engaged in the practice of legal services appears to be for that legal service provider's commission of an intentional tort (held that a non-client could not sue a law firm under the ALSLA). Therefore, the only possible remaining issue is whether the plaintiff's Complaint states actionable claims for fraud and/or misrepresentation.

    **c.**     **The plaintiff's Complaint, although using the words "fraud" and "misrepresentation", states no fact which could possibly entitle it to relief.**

In addition to the plaintiff's claims against the Defendants pursuant to the Legal Services Liability Act and for negligence/wantonness, the plaintiff's Complaint alleges that the attorneys are liable for fraud and misrepresentation. While the plaintiff's Complaint uses the words "fraud" and "misrepresentation", a plain reading of the very facts stated within that Complaint demonstrate that the facts known by the attorneys at the time they sought a writ of garnishment, including a facially valid judgment based on an employee's testimony and the decision of the presiding judge of the circuit court to enter the judgment, provide a complete defense to claims for intentional torts and, at most, could subject the attorneys only to possible claims for negligence. However, as stated above, Alabama does not recognize claims for negligence against a legal service provider engaged in the practice of law.

II.     **THE PLAINTIFF DOES NOT HAVE STANDING TO SUE THE ATTORNEYS.**

This Court should dismiss the plaintiff's Complaint because the plaintiff was never engaged in an attorney-client relationship with the defendant, its agents or employees and, therefore, the plaintiff does not have standing to sue the attorneys as the attorneys owed no duty to the plaintiff. In <u>Peterson v. Anderson</u> *supra*, the defendant attorney prepared a Will which after the death of the testatrix did not meet the satisfaction of certain residual beneficiaries. They sued the attorney claiming that he had violated a fiduciary duty to his client. The defendant Anderson argued that the residual beneficiaries as non-clients had not standing to maintain a legal service liability action against him. The Court first held that due to the fact that the suit was brought against Anderson arising out of his performance of legal services, it was in fact an action brought under the Legal Service Liability statute. The Court of Appeals sustained the dismissal of the claim against Attorney Anderson based on the fact that he did not represent them. The Court of Appeals sustained the dismissal based on the holding that under Alabama law "a person authorized to practice law owes no duty except that arising from a contract or a gratuitous undertaking" citing <u>Shows v. NCNB Nat. Bank of North Carolina</u>, 585 So.2d 880 (191). There, as here, the Woodard firm and Mr. Patel did not represent Fred's in this case, had every right to pursue vigorously what they believed to be a valid claim and a valid judgment against the defendant without the threat of an afterthought suit after the underlying cases were settled and releases exchanged.

III.    **THE PLAINTIFF'S CLAIM IS BARRED BY RES JUDICATA FOR HAVING FAILED TO HAVE BEEN ASSERTED AS A COUNTERCLAIM IN THE UNDERLYING LITIGATION.**

The plaintiff in its Complaint alleges that it is due to have recovery against the opposing attorneys for its attorney's fees, damages and other losses resulting from the decision of the Court

9

to issue a garnishment against the defaulted defendant Fred's Stores of Alabama, Inc. Alabama law does not recognize by common law any right to recovery of attorney's fees or damages from a suit having been filed. To the contrary, litigants are urged to present their claims even if they have only a chance of success. Given the fact that there can be no such cause of action for negligent prosecution of a civil action, see *supra*, there must be some statutory vehicle for the plaintiffs to attempt to wage a Complaint for any attorney's fees or damages that resulted from having been sued. The only such vehicle available could be the Alabama Litigation Accountability Act, see Ala. Code, §12-19-270 (1975) designed in part to award costs, damages, attorney's fees, etc. against a frivolous litigant. The Court has held that a final judgment such as the order of dismissal in the underlying case puts an end to all controversies litigated or which ought to have been litigated within the particular controversy. Vacalis v. Lowery, 279 Ala. 264 (1966). The Alabama Court of Civil Appeals in Baker v. Williams Bros., Inc., 601 So.2d 110 (Ala. Civ. App. 1992) has held that when a case has been dismissed, the trial court does not have jurisdiction to hear claims for attorney's fees or damages that could or should have been brought as compulsory counterclaims. That Court has gone on to hold in Hall v. American Indemnity Group, 681 So.2d 220 (Ala. Civ. App. 1996) and International, Inc. v. Pace, 689 So.2d 160 (Ala. Civ. App. 1996) and Baker v. Williams Bros., Inc., 601 So.2d 110 (Ala. Civ. App. 1992) that the Alabama Litigation Accountability Act is the only tool available to sanction parties from maintaining inappropriate litigation and that a claim in a subsequent action for such damages would be barred by *res judicata*. The claim asserted in this case for attorney's fees and damages to Fred's was in fact a compulsory counterclaim, a matter which could or ought to have been litigated in the underlying litigation and is now barred by *res judicata*.

## CONCLUSION

For the above and foregoing reasons based upon the Complaint, the defendants' Motion to Dismiss and the affidavit in evidence submitted by the defendants, this action is due to be dismissed pursuant to Rule 12(b)(6) for that the claim states absolutely no fact upon which relief can be granted under Alabama law.

    s/James R. Shaw
James R. Shaw
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
(205) 251-1256
jrs@hfsllp.com
Alabama Bar No.: 7523-H49J
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that on August 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Clinton Pittman
2101 4th Avenue South
Suite 200
Birmingham, AL 35233-2029

J. Henry Ros
WATKINS, LUDLARA, WINTER & STENNIS, P.A.
2510 14th Street
Suite 1010
Gulfport, MS 39501

Respectfully submitted,

s/James R. Shaw
James R. Shaw
HUIE, FERNAMBUCQ & STEWART, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223
(205) 251-1193
(205) 251-1256
jrs@hfsllp.com
Alabama Bar No.: 7523-H49J
Attorneys for Defendants