STATE OF ALABAMA )
)
COUNTY OF COVINGTON )

### AFFIDAVIT IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Comes now Manish Patel who having been first placed under oath did depose and state as follows under oath.

My name is Manish Patel and I am an attorney at law admitted to practice law in the state of Alabama and a member of the partnership of Woodard, Patel & Sledge. I make this affidavit based upon my personal knowledge and review of file documents and the court file in a certain civil action styled <u>Teresa Parker v. Fred's Stores of Tennessee a/k/a Fred's Stores of Alabama, Inc.</u> which bore civil action no. CV-03-68 and which was filed in the Circuit Court for Covington County.

I personally collected data and information pertaining to the claims of egregious sexual harassment practiced and condoned by what we knew of as Fred's Stores of Alabama, Inc. against our client Teresa Parker. Attached as Exhibit 1 to this affidavit is a portion of the client statement of sex harassment performed against her by Fred's stores by its management.

Prior to filing suit in this matter, my firm filed a complaint with the Equal Employment Opportunity Commission setting out the facts as stated in Exhibit 1. Upon receipt of what is known as a right to sue letter, we initiated suit against Fred's stores but prior to doing so, wrote to them setting out all of the complaints which this employee had against the management of Fred's and the unwarranted sexual advances imposed on her in her employment. See Exhibit 2. At no time did Fred's give the courtesy of even replying to her complaints.

Prior to filing suit we accessed the Secretary of State's commercial website for Fred's Stores of Alabama, Inc. A copy of that website is attached as Exhibit 3 to this deposition. It appeared to me and does appear to me today that Fred's Stores of Alabama, Inc. which was part of a group of corporations known as Fred's Stores of Tennessee, Inc. had registered with the Secretary of State and had listed Clark Campbell as its registered agent for service of process. A valid Montgomery address was listed for service. Suit was filed March 13, 2003. The clerk's office was directed to perfect service on the registered agent. Some thirty (30) days thereafter I received notification from the clerk of the circuit court that the defendant had been served on March 18, 2003. See Exhibit 4. Subsequently I also learned that the entity on whom the process was served had opened the correspondence and then declined to accept it. I interpreted this as being an avoidance of service since I believed we had served or attempted to serve what was listed as the registered agent for service of process.[1] None of the facts which subsequently developed regarding the corporate status by which Fred's did business or the registered agent for the Tennessee corporation were known to me or told to me until Fred's moved to set aside the default judgment ordered by the Court.

The application for default was filed in a proper manner. Judgment was entered on the default but before judgment was entered, Judge McKathan directed that the circuit clerk send a copy of the default application and notice of the hearing on the default by mail to the defendant both at the registered agent address but also be sent by mail to the manager of the local Fred's

---

[1] For the Court's information I have also checked the Secretary of State's website for the registered agent for service of process for Fred's Stores of Alabama, Inc. a division of Fred's Stores of Tennessee, Inc. as recently as August 10, 2006 and Clark Campbell at 260 Washington Avenue is still listed as the registered agent.

store in Andalusia. See Exhibit 5. Subsequently in the belief that the default judgment was a good and valid judgment, I filed an application for a garnishment. See Exhibit 6. My belief in filing this application for a garnishment was that the Order by Judge McKathan was a valid judgment and was due to be enforced under the laws of the state of Alabama. It was and is my belief that these notices of hearing on the default judgment were sent to and received by Fred's stores or its authorized agents. I recognize that they dispute that fact.

In the litigation which was eventually settled, I did not represent the defendant Fred's stores. I only represented their adversary and ex-employee Teresa Parker.

In that litigation there was no counterclaim filed by Fred's against Teresa Parker or against my law firm or me for any allegations of frivolous litigation or inappropriately filed litigation.

At all times my actions were believed by me to be legally sound and correct and based on appropriate orders of the court and its clerk.

MANISH HASMUKH PATEL

Sworn to and subscribed before me this 21st day of August, 2006.

Notary Public

My Commission Expires: 1-4-07

Charles Rodgers, Manager of Fred's in Andalusia, Alabama, committed the following acts that I consider to be evidence of sexual discrimination:

1. Mr. Rodgers repeatedly made comments about having sex with him.

2. Rodgers would attempt to hold hands and would rub Ms. Parker's back and shoulders.

3. Mr. Rodgers suggested Ms. Parker go out on a date with him even though she told him that she was married.

4. On the day Ms. Parker filled out her application, Mr. Rodgers asked if she was happily married. Rodgers said Ms. Parker had pretty legs and made comments regarding her private parts. Rodgers stated "It is taking everything I got to keep from dropping my pen to look under this table." The import of the statement was to attempt to look up Ms. Parker's dress.

5. Rodgers told Ms. Parker "I know you are a 34 on top and 7 on bottom."

6. On Ms. Parker's first day of work, Mr. Rodgers asked Ms. Parker if she had reconsidered his offers.

7. Rodgers later told Ms. Parker that he could perform sexual relations in a superior fashion than her husband. Rodgers made graphic statements regarding his physical build and his sexual abilities. Rodgers told Ms. Parker that he would support Ms. Parker financially if she would engage in relations with him.

8. Rodgers would make other comments of a sexual nature and continually asked Ms. Parker to engage in relations with him.

9. Rodgers suggested that Ms. Parker would receive increased pay and advancement if she would be "nice to him," that is, provide sexual favors.



RECEIVED OCT 25 2002 E.E.O.C. B'HAM District



EXHIBIT

# WOODARD, PATEL & SLEDGE

ATTORNEYS AT LAW

Allen G. Woodard*
Manish H. Patel
Christopher M. Sledge
   *Also Admitted in Florida
    and Mississippi

1213 East Three Notch Street
Andalusia, Alabama 36420
(334) 222-9115
Fax (334) 222-9448

October 23, 2002

General Counsel
Fred's Stores, Inc.
4300 New Getwell Road
Memphis, TN 38118

RE:   Teresa Parker v Fred's Stores, Inc.

Dear General Counsel:

Our firm represents Teresa Parker with regard to her claim against Fred's Stores, Inc. for sexual discrimination because of sexual harassment practiced upon them by the manager, Charles Rodgers of your Andalusia, Alabama store. I believe her allegations are very serious and pose a great danger to your company. This former employee relates incidents where Mr. Rodgers committed the following acts:

1. Mr. Rodgers repeatedly made comments about having sex with him.

2. Rodgers would attempt to hold hands and would rub Ms. Parker's back and shoulders.

3. Mr. Rodgers suggested Ms. Parker go out on a date with him even though she told him that she was married.

4. On the day Ms. Parker filled out her application, Mr. Rodgers asked if she was happily married. Rodgers said Ms. Parker had pretty legs and made comments regarding her private parts. Rodgers stated "It is taking everything I got to keep from dropping my pen to look under this table." The import of the statement was to attempt to look up Ms. Parker's dress.

5. Rodgers told Ms. Parker "I know you are a 34 on top and 7 on bottom."

6. On Ms. Parker's first day of work, Mr. Rodgers asked Ms. Parker if she had reconsidered his offers.

7. Rodgers later told Ms. Parker that he could perform sexual relations in a superior fashion than her husband. Rodgers made graphic statements regarding his physical build and his sexual abilities. Rodgers told Ms. Parker that he would support Ms. Parker financially if she would engage in relations with him.

8. Rodgers would make other comments of a sexual nature and continually asked Ms. Parker to engage in relations with him.

EXHIBIT
2

General Counsel
October 23, 2002
Page 2

    9.      Rodgers suggested that Ms. Parker would receive increased pay and advancement if she would be "nice to him," that is, provide sexual favors.

Mr. Rodgers' actions toward this employee borders on the incredible and are outrageous under any measure of the law.

It is also clear that Mr. Rodgers committed quid pro quo harassment by asking for dates and sexual favors in return for offers of increased pay and advancement.

I am informed and believe that Fred's Stores knew of Charles Rodgers' propensity to commit sexual harassment upon Fred's employees based on comments made by his superiors and co-workers. This reflects that Fred's Stores, Inc. knew or should have known that Mr. Rodgers was acting in such a way that would bring liability for sexual harassment upon Fred's Stores, Inc.

Also of interest is that Mr. Rodgers refused to give Ms. Parker a copy of Fred's Sexual Harassment Policy at the time of her hire. Instead of providing the policy to Ms. Parker he instead decided to ask her to engage in relations with her.

My experience in these cases is that minimal research will reflect that Mr. Rodgers had similar problems with other employments including his previous employment with Fred's. If suit is filed, I will certainly ask for a list of all employees that served under Mr. Rodgers and I am sure it will not take many phone calls to locate employees who have suffered similar harassment at the hands of Mr. Rodgers.

The purpose of this letter is to advise you of my representation and to suggest mediation of these matters in attempt to compromise prior to filing suit in the United States District Court in Montgomery.

If your company is interested in mediation, I generally recommend mediators Taylor Flowers of Dothan, Randall Thomas of Montgomery, Judge Terry Butts or Keith Watkins of Troy, Alabama given the fact that these gentlemen have an excellent track record for mediation.

I have enclosed a copy of the EEOC Charge of Discrimination. I look forward to hearing from you soon.

                                        Sincerely,

                                        WOODARD, PATEL & SLEDGE

                                        Allen G. Woodard

AGW/ww

Enclosure



# CORPORATE DETAILS
Office of the Secretary of State
State of Alabama

---



```
Corporation                                           D/C 116-976
  Legal Name:   Fred's Stores of Alabama, Inc.

Place Of Inc:   Montgomery County

Date Of Inc.:   04-15-1987   Merged.: 02-08-1993

Merged Into.:   Fred's Stores of Tennessee, Inc.

Reg Agent...:   CAMPBELL, W CLARK JR
                260 WASHINGTON AVE
                MONTGOMERY, AL  36197

Prin Address:   MONTGOMERY, AL

Capital Amt.:   $10,000 Authorized  --- Paid In

Nat Of Bus..:   RETAIL GOODS

Names Of Inc:   BADDOUR INC
```



---

© 2006, Office of the Secretary of State, State of Alabama

**EXHIBIT 3**

http://arc-sos.state.al.us/CGI/SOSCRP10.mbr/output?PGM=2&P01=116976M

```
SC351                                                    CV 2003 000068.00

                                              JUDGE: M. ASHLEY MCKATHAN

                     ALABAMA JUDICIAL DATA CENTER
                         CASE ACTION SUMMARY
                           CIRCUIT CIVIL

  IN THE CIRCUIT COURT OF COVINGTON       COUNTY

   THERESA PARKER VS FRED'S STORES OF AL INC ET ALS
  FILED: 03/12/2003 TYPE: OUTRAGE          TYPE TRIAL: JURY     TRACK:
  ***************************************************************************
  DATE1:             CA:                   CA DATE:
  DATE2:             AMT:          $.00    PAYMENT:
  DATE3:
  ***************************************************************************
  PLAINTIFF   001: PARKER THERESA
                                         ATTORNEY: WOODARD ALLEN GERALD
                                         W00047    1213 E THREE NOTCH ST.
              , AL 00000-0000
              PHONE: (334)000-0000                 ANDALUSIA, AL 36420
  ENTERED: 03/13/2003 ISSUED:       TYPE:                   (334)222-9115
  SERVED:             ANSWERED:     JUDGEMENT:
```

DEFENDANT 001: FRED'S STORES OF AL INC
ATTORNEY: John Peek
Davis A Bartow   Daniel S Wolter +
3500 Blue        Patricia A Gill
Lake Dr.         1200 Corporate Dr
                 Suite 425
                 Birmingham, AL 35242

~~% W CLARK CAMPBELL JR~~
~~260 WASHINGTON AVENUE~~
~~MONTGOMERY, AL 36197-0000~~
~~PHONE: (334)000-0000~~

ENTERED: 03/13/2003 ISSUED: 03/13/2003 TYPE: CERTIFIED
SERVED: 03/18/03 ANSWERED: 06/01/04 JUDGEMENT:

DEFENDANT 002: RODGERS CHARLES   c/o Maxway, 572 E Patton Ave #B, Montgomery, AL 36111
) Address                                ATTORNEY:
Removed - See ~~% W CLARK CAMPBELL JR~~
letter dated 5/11/05 ~~260 WASHINGTON AVENUE~~
~~MONTGOMERY, AL 36197-0000~~
~~PHONE: (334)000-0000~~

ENTERED: 03/13/2003 ISSUED: 03/13/2003 TYPE: CERTIFIED
SERVED: 03/18/03 ANSWERED:        JUDGEMENT:

```
  03/12/2003   SUMMONS AND COMPLAINT

  03/13/2003   CERTIFIED MAI ISSUED: 03/13/2003 TO D001    (AV02)

  03/13/2003   CERTIFIED MAI ISSUED: 03/13/2003 TO D002.   (AV02)
```

03/24/03 Certified mail envelopes returned with notations – "Not deliverable as addressed. Unable to forward"

4-25-03  Motion for judgment by default
4-25-03  Affidavit of Manish H Patel                                    WPS 008
4-25-03  Motion for default entry by clerk
4-25-03  Entry of default against the deft by the Circuit Clerk Roger Powell
7-8-03   Default Judgment entered by Court
         Hearing set for 8-8-03 at 8:00 am to Ascertain the proper Amount of damages

8/8/03   Order Extending Judgment – the judgment against the defts is now extended so

S  03/13/2003                                              CV 2003 000068.00

EXHIBIT 4

| State of Alabama<br>Unified Judicial System | **DEFAULT JUDGMENT ENTERED BY COURT** | Case Number |
|---|---|---|
| Form C-27    Rev. 2/79 | | CV - 2003 - 68 |

IN THE ___CIRCUIT___ **FILED IN OFFICE** COURT OF ___COVINGTON COUNTY___, ALABAMA
(Circuit or District)                                      (Name of County)

**JUL 0 8 2003**

THERESA PARKER                         v.   FRED'S STORES OF TENNESSEE, INC., a/k/a
_____        FRED'S STORES OF ALABAMA, INC.; and CHARLES
        Plaintiff                          RODGERS,
                                                                    Defendant

This action came on the motion of the plaintiff for a default judgment pursuant to Rule 55(b)(2), Alabama Rules of Civil Procedure. The motion was filed after the defendant was duly served with the summons and complaint and, not being an infant or an unrepresented incompetent person, the defendant failed to plead or otherwise defend the action. The defendant's default has been duly entered and the defendant has not taken any proceedings since such default was entered. (As used herein, "defendant" refers to every defendant in this litigation.)
Based upon the above, it is Ordered and Adjudged that plaintiff have and recover judgment of all defendants in this litigation, as by default. Default judgment thus being entered, a hearing to ascertain the proper amount of damages must take place. Consequently, that hearing ought to be, and it now is, scheduled so as to transpire on the 8th day of August, 2003, at 8:00 a.m. Finally, the Clerk is directed to furnish a copy hereof unto plaintiff's attorney and to defendants. Defendants' copy shall be sent to the address employed by plaintiff, and, also, to the address of any local xxx Judge Fred's Store, to the attention of the

**EXHIBIT 5**

| State of Alabama Unified Judicial System | PROCESS OF GARNISHMENT | Case Number |
|---|---|---|
| Form C-21 (Front)   Rev. 10/99 | | CV-03-68 |

IN THE **CIRCUIT** COURT OF **COVINGTON** COUNTY, ALABAMA

| NAME AND ADDRESS OF PLAINTIFF (Person Asserting Claim) | NAME AND ADDRESS OF DEFENDANT (Person Whose Property is Subject to Garnishment) |
|---|---|
| Theresa Parker | Fred's Stores of Tennessee, Inc., a/k/a Fred's Stores of Alabama, Inc., 4300 New Getwell Road, Memphis, Tennessee 38118 |

| NAME AND ADDRESS OF ATTORNEY FOR PLAINTIFF | DATE OF JUDGMENT  August 8, 2003 |
|---|---|
| Manish H. Patel, WOODARD, PATEL & SLEDGE, 1213 East Three Notch Street, Andalusia, Alabama 36420 | JUDGMENT AMOUNT: $ 100,000.00<br>COSTS: $ 21.42<br>LESS CREDIT: $<br>OTHER: $<br>TOTAL: $ 100,021.42 |
| NAME AND ADDRESS OF GARNISHEE | |
| Southtrust Bank, 200 Wildwood Parkway, Birmingham, AL 35209 | |

### AFFIDAVIT

A. I make oath that I have obtained the above judgment and believe the named garnishee is or will be indebted to the named defendant or has or will have effects of the defendant under the garnishee's control. I believe that a Process of Garnishment against the garnishee is necessary to obtain satisfaction of the judgment.

B. If the garnishment is for wages, salary or other compensation, I further make oath that the amount to be withheld must be:
- [✓] 25% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 30 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS, or
- [ ] 20% of disposable earnings for the week OR the amount by which disposable earnings for the week exceed 50 times the federal minimum hourly wage in effect at the time the earnings are payable, WHICHEVER IS LESS, which amount is in compliance with the instructions on the reverse side of this form.

C. I hereby request disbursement of amounts periodically paid into court pursuant to this garnishment.

Sworn to and subscribed before me this **2nd** day of **April** **2004**

_____   _____
Notary Public/Clerk (Signature)   Affiant/Attorney (Signature)

### WRIT OF GARNISHMENT

TO ANY LAWFUL OFFICER OF THE STATE OF ALABAMA:
You are hereby commanded to serve Process of Garnishment on the GARNISHEE, **Southtrust Bank**, and a copy on the defendant, **Fred's Stores of Tennessee, Inc., a/k/a Fred's Stores of Alabama, Inc.** and make proper return to this court.

NOTICE TO DEFENDANT: READ THE IMPORTANT INFORMATION ON THE BACK OF THIS FORM (Regarding Your Rights).
NOTICE TO GARNISHEE: YOU ARE THE GARNISHEE IN THE ABOVE ACTION.

You must complete and file the enclosed Answer form within thirty (30) days from service of process. If you fail to file an Answer, the plaintiff can proceed for judgment against you for the amount of the claim, plus costs. Mailing the Notarized Answer Form to the clerk of the court at the address below constitutes making a proper appearance in the court. YOU MUST ANSWER:

(1) whether you are or were indebted to the defendant at the time you received this process, or when you make your answer, or during the intervening time, or
(2) whether you will be indebted to the defendant in the future by existing contract, or
(3) whether by existing contract you are liable to the defendant for the delivery of personal property or for the payment of money, or
(4) whether you have in your possession or control, money or effects belonging to the defendant.

**U.S. Postal Service Certified Mail Receipt** (Domestic Mail Only; No Insurance Coverage Provided)

Postage $ .37
Certified Fee  2.30
Return Receipt Fee  1.75
Total Postage & Fees $ 4.42
Sent To: Fred's Stores
Street: 4300 New Getwell Road
City: Memphis, TN 38118

**U.S. Postal Service Certified Mail Receipt** (Domestic Mail Only; No Insurance Coverage Provided)

Postage $ .37
Certified Fee  2.30
Return Receipt Fee  1.75
Total Postage & Fees $ 4.42
Sent To: Southtrust Bank
Street: 200 Wildwood Parkway
City: Birmingham, AL 35209

**EXHIBIT 6**

| Form C-21 (back) | Rev. 10/99 | PROCESS OF GARNISHMENT |
|---|---|---|

## Instructions For Determining the Percentage of Wages, Salary or Other Compensation to be Withheld

I. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM SITUATIONS OTHER THAN CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §6-10-7, Code of Alabama 1975, and Title 15, §1673, United States Code ("U.S.C.").
Under Alabama and federal law, the amount subject to garnishment to collect such judgments shall not exceed the LESSER of:
(1) twenty-five (25) percent of "disposable earnings" for the week      OR
(2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.

II. GARNISHMENTS TO COLLECT JUDGMENTS ARISING FROM CONSUMER LOANS, CONSUMER CREDIT SALES OR CONSUMER LEASES ARE SUBJECT TO THE RESTRICTIONS OF: §5-19-15, Code of Alabama, 1975 as amended by Act 88-294, effective April 12, 1988.
  A. Under this law, if the debt or demand was created ON OR AFTER April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
  (1) twenty-five (25) percent of "disposable earnings" for the week OR
  (2) the amount by which "disposable earnings" for the week exceed thirty (30) times the federal minimum hourly wage in effect at the time the earnings are payable.
  B. If the debt or demand was created BEFORE April 12, 1988, the amount subject to garnishment shall not exceed the LESSER of:
  (1) twenty (20) percent of "disposable earnings" for the week   OR
  (2) the amount by which "disposable earnings" for the week exceed fifty (50) times the federal minimum hourly wage in effect at the time the earnings are payable.

DISPOSABLE EARNINGS DEFINED: An employee's "disposable earnings" means that part of earnings of an individual remaining after deduction of amounts required by law to be withheld such as Federal Income Tax, Federal Social Security Tax, and State and Local Taxes.

## NOTICE TO GARNISHEE

Note: If you have in your possession or control property or money belonging to the defendant (which is not wages, salary or other compensation), you should hold the property or money subject to the orders of the court. The formula outlined below only applies if the property sought to be garnished is wages, salary or other compensation of the defendant.
(Use the following formula to calculate a garnishment of wages, salary or other compensation)
(1) Calculate "disposable earnings" for the week (see definition of "disposable earnings" above).
(2) If the twenty-five (25) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty-five (25) percent. Then multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by thirty (30) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
OR
(3) If the twenty (20) percent block is checked on the front of this form, multiply the "disposable earnings" amount by twenty (20) percent. Multiply the "minimum wage amount" (in effect at the time the earnings are payable by you) by fifty (50) and subtract this amount from "disposable earnings." Compare these two and obtain lesser amount.
(4) After the calculation is made in accordance with (2) or (3) above (whichever is applicable), the amount of the garnishment for the week is the LESSER amount. Withhold this amount and pay it into court as instructed in the "Writ of Garnishment" on the front of this form.
(5) THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE YOU SHOULD CONSULT A LAWYER FOR ADVICE.

PROTECTION AGAINST DISCHARGE: Title 15, §1674, U.S.C., prohibits an employer from discharging any employee because his or her earnings have been subjected to garnishment for any one indebtedness.

## NOTICE TO DEFENDANT OF RIGHT TO CLAIM EXEMPTION FROM GARNISHMENT

A process of garnishment has been delivered to you. This means that a court may order your wages, money in a bank, sums owed to you, or other property belonging to you, to be paid into court to satisfy a judgment against you.

Laws of the State of Alabama and of the United States provide that in some circumstances certain money and property may not be taken to pay certain types of court judgments, because certain money or property may be "exempt" from garnishment. For example, under state law, in some circumstances, up to $3,000.00 in wages, personal property, including money, bank accounts, automobiles, appliances, etc., may be exempt from process of garnishment. Similarly, under federal law, certain benefits and certain welfare payments may be exempt from garnishment. Benefits and payments ordinarily exempt from garnishment include, for example, social security payments, SSI payments, veteran's benefits, AFDC (welfare) payments, unemployment compensation payments and workmen's compensation payments.

THESE EXAMPLES ARE FOR PURPOSES OF ILLUSTRATION ONLY. WHETHER YOU WILL BE ENTITLED TO CLAIM ANY EXEMPTION FROM THE PROCESS OF GARNISHMENT, AND, IF SO, WHAT PROPERTY MAY BE EXEMPT, WILL BE DETERMINED BY THE FACTS IN YOUR PARTICULAR CASE. IF YOU ARE UNCERTAIN AS TO YOUR POSSIBLE EXEMPTION RIGHTS, YOU SHOULD CONSULT A LAWYER FOR ADVICE.

TO CLAIM ANY EXEMPTION THAT MAY BE AVAILABLE TO YOU, YOU MUST PREPARE A "CLAIM OF EXEMPTION" FORM LISTING ON IT ALL YOUR WAGES AND PERSONAL PROPERTY; HAVE THE CLAIM OF EXEMPTION NOTARIZED; AND FILE IT IN THE CLERK'S OFFICE. ALSO, IT IS YOUR RESPONSIBILITY TO MAIL OR DELIVER A COPY OF THE CLAIM OF EXEMPTION TO THE PLAINTIFF WHO HAS A JUDGMENT AGAINST YOU. YOU MUST INDICATE ON THE CLAIM OF EXEMPTION THAT YOU FILED IN THE CLERK'S OFFICE WHETHER YOU MAILED OR DELIVERED THE COPY TO THE PLAINTIFF AND THE DATE ON WHICH YOU MAILED OR DELIVERED IT. THE CLERK CANNOT GIVE YOU LEGAL ADVICE. IF YOU NEED ASSISTANCE, YOU SHOULD SEE A LAWYER.

If you file a claim of exemption, the plaintiff will have approximately ten (10) days to file a "contest" of your claim of exemption. If a contest is filed, a court hearing will be scheduled and you will be notified of the time and place of the hearing. If the plaintiff does not file a contest, the property claimed by you as exempt will be released from the garnishment.

If you do not file a claim of exemption, your property may be turned over to the court and paid to the plaintiff on the judgment against you.

TO PROTECT YOUR RIGHTS, IT IS IMPORTANT THAT YOU ACT PROMPTLY. IF YOU HAVE ANY QUESTIONS, YOU SHOULD CONSULT A LAWYER.

FILED IN OFFICE
APR 6 2004

## NOTICE TO PLAINTIFF OF RIGHT TO CONTEST CLAIM OF EXEMPTION OF DEFENDANT

If a "Claim of Exemption" is filed in the clerk's office and mailed or delivered to you by the defendant, you have approximately ten (10) days to file a "Contest" to the Claim of Exemption with the clerk of the court.

CLERK

If a Contest is timely filed, a court hearing will be scheduled within seven (7) calendar days (or on the next business day thereafter if the court is not open on the seventh day). You and the defendant will be notified of the time and place of the hearing.

If you fail to make timely Contest of the Claim of Exemption, after fifteen (15) calendar days from the filing of such claim by the defendant, the Process of Garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.

IF YOU ARE UNCERTAIN AS TO HOW TO FILE A CONTEST TO THE CLAIM OF EXEMPTION, YOU SHOULD CONSULT A LAWYER FOR ADVICE. THE CLERK AND OTHER COURT PERSONNEL CANNOT GIVE YOU LEGAL ADVICE.