IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 OCT -2 A 10: 21

| | |
|---|---|
| FRED'S STORES OF TENNESSEE, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER: |
| vs. ) | |
| ) | **2:06cv299-MHT** |
| MANISH HASMUKH PATEL, an individual; ) | |
| and WOODARD, PATEL & SLEDGE, ) | |
| a partnership. ) | |
| ) | |
| DEFENDANTS. ) | |

## MOTION FOR ENLARGEMENT OF TIME TO FILE OPPOSITION TO MOTION TO DISMISS

COMES NOW the Plaintiff, Fred's Store of Tennessee, Inc. ("Fred's Stores"), and pursuant to Rule 6(b), Fed.R.Civ.P., moves that the Court extend the time permitted to file its Opposition to the Motion to Dismiss. In support of its motion, Fred's Stores states as follows:

1. Counsel for Patel and Woodard, Patel & Sledge ("the law firm") filed and served on counsel for Fred's Stores a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P. on or about July 18, 2006.

2. That motion was received by counsel for Fred's Stores on or about Friday, July 21, 2006, and forwarded to in-house counsel for Fred's Stores.

3. The undersigned attorney, Clinton Pittman, drafted a response over that weekend and sent it via e-mail to the other attorneys on July 25, 2006. Pittman made revisions to the draft on July 26, 2006, and sent another draft on July 27th.

4. After receiving the comments, including filing instructions regarding out-of-state counsel, Pittman did further legal research and made further revisions to the draft motion. The final version of the motion, identical to the version submitted on September 28th, was printed and signed on August 8, 2006, and Pittman intended that the motion be filed and served that day.

5. There is not, it must be said, any evidence that this final version, though signed and dated, including having printed envelopes, was ever placed in the United States mail. While it is unclear why the motion was not placed in the mail, it is clear that there was no prejudice to Patel and the law firm. The case had not even been assigned to this Court at the time.

6. The allegations of the complaint against the defendants are of a serious nature, and the failure of plaintiff's counsel to properly transmit the motion in opposition to the defendants' motion should not be grounds to dismiss the claims stated. This is a clear case of "excusable neglect," and perhaps the best evidence of this is found by comparing the apparent neglect of the undersigned counsel to the allegations of the complaint that the defendants purposefully and intentionally misused, abused and defrauded the legal system to injure the plaintiff.

**WHEREFORE**, Fred's Stores of Tennessee, Inc. respectfully requests that the Court enlarge the time allowed for it to oppose the motion to dismiss filed by the defendants.

_____
Clinton Pittman (SJIS Code: PIT023)

2101 4th Avenue South
Suite 200
Birmingham, AL 35233-2029
(205) 821-3712
FAX: (205) 327-5773
E-mail: xmeromotu@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the persons listed below, this the 29th day of September, 2006:

James R. Shaw
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

J. Henry Ros
Watkins, Ludlam, Winter & Stennis, P.A.
2510 14th Street
Suite 1010
Gulfport, MS 39501

_____
Clinton Pittman