IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| FRED'S STORES OF TENNESSEE, INC., ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NUMBER: |
| vs. ) | |
| ) | **2:06cv299-SRW** |
| MANISH HASMUKH PATEL, an individual; ) | |
| and WOODARD, PATEL & SLEDGE, ) | |
| a partnership. ) | |
| ) | |
| DEFENDANTS. ) | |

## OPPOSITION TO MOTION TO DISMISS

COMES NOW the Plaintiff, Fred's Store of Tennessee, Inc. ("Fred's Stores"), and in opposition to the motion to dismiss filed by Manish Patel and the law firm of Woodard, Patel & Sledge ("the law firm"), states as follows:

1. Patel and the law firm have filed a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.

2. The defendants mischaracterize the allegations of the complaint. A more accurate description of the claims contained in the complaint would be that the complaint alleges that the defendants fraudulently, maliciously, recklessly and/or negligently, and/or and in violation of the Alabama Legal Services Liability Act, §§ 6-5-570, Ala. Code 1975 ("the ALSLA"), breached the standard of care expected of legal service providers in the State of Alabama.

3. Pursuant to Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the substantive law of the State of Alabama applies to this diversity action.

4. The ALSLA defines a "Legal Service Liability Action" as

> "Any action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in part by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future."

§6-5-572(1), Ala. Code 1975.

5. There is no question that the defendants are "legal service providers" within the meaning of the ALSLA.

6. The ALSLA defines "standard of care" as "The standard of care applicable to a legal service provider is that level of such reasonable care, skill, and diligence as other similarly situated legal service providers in the same general line of practice in the same general locality ordinarily have and exercise in a like case." § 6-5-572(3), Ala. Code 1975.

7. The ALSLA further defines the standard as the exercise of "such reasonable care and skill and diligence as other similarly situated legal service providers in the same general line of practice in the same general area ordinarily have and exercise in a like case." § 6-5-580, Ala. Code 1975.

8. A breach of the standard of care is, naturally, "The failure by a legal service provider to comply with the applicable standard of care the breach of which proximately causes the injury or damages or wrongful death." § 6-5-572(4), Ala. Code 1975.

9. Section 13 of the Alabama Constitution of 1901 provides, "That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation,

shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay." The ALSLA provides a cause of action for Fred's Stores to seek a remedy for the injuries it suffered at the hands of the defendants.

10. The defendants seem to object that the claims against them were brought under the ALSLA. In fact, that is the <u>only</u> form of action permitted to be brought against a legal service provider in the State of Alabama.

> There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have the meaning as defined herein.

§ 6-5-573, Ala. Code 1975.

11. Moreover, the ALSLA itself states that it "shall supersede any inconsistent provision of law" regarding acts or omissions occurring after April 12, 1988. Therefore, the defendants' appeals to such inconsistent prior law are not well-taken.

12. Assuming the allegations of the complaint to be true, as the Court must when entertaining a motion to dismiss filed pursuant to Rule 12(b)6), Fed.R.Civ.P., Patel and his law firm breached their duty to the plaintiff (as well as to the legal system itself) by failing to live up to the standard of care expected of legal service providers in the State of Alabama, and the actions taken by Patel and his law firm proximately caused Fred's Stores to suffer significant economic losses.

13. Patel and his law firm:

   a. knowingly, intentionally and/or negligently failed to properly serve the complaint in the underlying action,[1]

---

[1] The "underlying action" is "the legal matter concerning the handling of which it is alleged that the legal services provider breached the applicable standard of care. The term is applicable in

b. knowingly, intentionally and/or negligently filed a false affidavit with the Alabama Circuit Court seeking a default judgment against Fred's Stores when no service had been perfected against Fred's Stores,

c. knowingly, intentionally and/or negligently sought and received a default judgment against Fred's Stores based on the false affidavit, when no service had been perfected against Fred's Stores,

d. knowingly, intentionally and/or negligently issued a Process of Garnishment against Fred's Stores based on an improperly obtained default judgment, which was based on the false affidavit and when no service had been perfected against Fred's Stores,

e. knowingly, intentionally and/or negligently refused, when Fred's Stores notified Patel and his law firm of the error, to release the funds frozen in the accounts of Fred's Stores as a result of the illegal Process of Garnishment, based on an improperly obtained default judgment, which was based on the false affidavit and when no service had been perfected against Fred's Stores.

14. Further, if any additional breach of duty need be cited, it is clear that by engaging in the forgoing actions, Patel and his law firm were in violation of the Alabama Litigation Accountability Act, §§ 12-19-270, et seq., Ala. Code 1975 ("the ALAA"), which imposes an independent statutory duty upon an Alabama attorney to ensure that all claims, defenses and motions are not brought "without substantial justification."

---

legal service liability actions in which the legal service provider's liability is dependent in part upon or derived from the legal service provider's acts or omissions concerning the handling of the underlying action." § 6-5-572(5), Ala. Code 1975.

15. It is equally clear that Patel and his law firm have breached their duties to the plaintiff (and to the courts) by violating Rule 11, Ala.R.Civ.P. (and Rule 11, Fed.R.Civ.P.) by those same actions described above and in the complaint.

16. Again, such claims may, and arguably must, be made pursuant to the ALSLA when brought against an Alabama legal service provider.

17. The facts as alleged in the complaint and summarized above do constitute "fact[s] [sic] upon which relief can be granted against these defendants."

18. It is true that no attorney-client relationship existed between Fred's Stores and Patel or his law firm. There is no requirement in the ALSLA, the ALAA, or in Rule 11 that such a relationship exist, and the defendants have failed to cite any authority to the contrary. Therefore, that is no objection to this action.

19. It is true that there is no specific statute creating a cause of action for "negligent maintenance or negligent prosecution of a civil damage [sic] action," as the defendants assert. Again, this is a straw man argument, for the ALSLA has created "one form and cause of action against legal service providers in courts in the State of Alabama" which under the terms of the ALSLA itself "shall supersede any inconsistent provision of law." Therefore, this objection is no barrier to the continuation of this action.

20. Finally, the defendants argue that the claims made pursuant to the ALSLA in the complaint should be barred under the doctrine of *res judicata* because they should have been brought as mandatory counterclaims in the underlying action. Again, this is a false and misleading argument for a number of reasons.

a. Rule 13(a), Ala.R.Civ.P.[2] states, "(a) Compulsory counterclaims. A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party ...."

b. First, Patel and the law firm were the attorneys for the plaintiff in the underlying action, not parties, so any claim would have been a third-party claim, not a counterclaim, and would therefore certainly not have been "mandatory."

c. Second, Patel and his law firm would not have been liable to Fred's Stores, either directly or through indemnification, had their client, Parker, prevailed in the underlying litigation. It is also difficult to see how Parker herself would have been liable to Fred's Stores for the actions of Patel and his law firm, as such clear acts of malpractice would have been outside the scope of their authority as her agents. Thus, Fred's Stores would have had no claim, compulsory or otherwise, that could have been asserted in the underlying litigation by any means.

d. Third, the claims against Patel and his law firm did not exist at the time Patel and the law firm filed the complaint in the underlying action, but arose only when Patel and the law firm failed to perfect service, filed a false affidavit, proceeded to take a default judgment based on the false affidavit, froze Fred's Stores assets based on the illegally-obtained judgment, and compounded these errors by refusing to release the funds when the error was brought to their attention. Again, this situation does not fit within the plain meaning of the Rule.

---

[2] Fred's Stores shall refer to the Alabama Rules of Civil Procedure since the underlying action was subject to those rules. But the first sentence of Alabama Rule 13(a) is copied verbatim from the Federal Rules.

e. Alabama's Rule 13(a) has the additional exception that if "the opposing party's claim is for damage covered by a liability insurance policy under which the insurer has the right or the obligation to conduct the defense," the claims are not compulsory counterclaims. Upon information and belief, though discovery has yet to be conducted, Fred's Stores believes that Patel and his law firm have professional liability insurance under which the insurer is now conducting the defense.

**WHEREFORE**, Fred's Stores of Tennessee, Inc. respectfully requests that the Court deny the motion to dismiss filed by the defendants.

_____
Clinton Pittman (SJIS Code: PIT023)

2101 4th Avenue South
Suite 200
Birmingham, AL 35233-2029
(205) 821-3712
FAX: (205) 327-5773
E-mail: xmeromotu@gmail.com

_____
J. Henry Ros (MS Bar No. 5668)

Watkins, Ludlam, Winter & Stennis, P.A.
2510 14th Street
Suite 1010
Gulfport, MS 39501
(228) 864-3094

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing pleading upon the persons listed below, this the 8th day of ~~August~~ September, 2006:

James R. Shaw
Huie, Fernambucq & Stewart, LLP
Three Protective Center
2801 Hwy 280 South, Suite 200
Birmingham, AL 35223

Clinton Pittman