IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| FRED'S STORES OF TENNESSEE, INC., )<br>)<br>)<br>    Plaintiff, )<br>) <br>    v. )<br>)<br>MANISH HASMUKH PATEL, an )<br>individual, and WOODARD, )<br>PATEL & SLEDGE, a )<br>partnership, )<br>)<br>    Defendants. ) | CIVIL ACTION NO.<br>2:06cv299-MHT<br>(WO) |

OPINION

Plaintiff Fred's Stores of Tennessee, Inc., brought this lawsuit against defendants Manish Hasmukh Patel and his law partnership, Woodard, Patel & Sledge, alleging a cause of action under the Alabama Legal Services Liability Act (ALSLA), 1975 Ala. Code §§ 6-5-570 to -581. Diversity jurisdiction is proper under 28 U.S.C. § 1332. The defendants have filed a motion to dismiss for failure

to state a claim. Fed. R. Civ. P. 12(b)(6). For the reasons that follow, that motion will be granted.

### I. MOTION-TO-DISMISS STANDARD

In considering a defendant's motion to dismiss, the court accepts the plaintiff's allegations as true, Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The complaint may be dismissed "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon, 467 U.S. at 73.

The defendants in this case have submitted documents outside the pleadings to support their motion. According to Rule 12(b) of the Federal Rules of Civil Procedure,

"If, on a motion ... to dismiss for failure of the pleadings to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the matter shall be treated as one for summary judgment and disposed of as provided in Rule 56." Once the court chooses to consider materials outside the pleadings and treat the motion as one for summary judgment, the court is ordinarily required to give "clear notice of the need to file affidavits or other responsive materials and of the consequences of default." Farred v. Hicks, 915 F.2d 1530, 1534 (11th Cir. 1990).

This conversion, however, is at the court's own discretion. Jones v. Auto. Ins. Co. of Hartford, 917 F.2d 1528, 1532 (11th Cir. 1990). In this case, the court elects not to convert the motion to dismiss into a motion for summary judgment. Accordingly, the court completely disregards the material submitted by the

3

defendants outside their motion to dismiss and brief in support thereof.

## II.  FACTUAL BACKGROUND

Fred's Stores's complaint sets forth the following facts.  On March 12, 2003, Theresa L. Parker filed suit in an Alabama state court, naming Fred's Stores as defendant.  Parker was represented by Patel and his law firm, the defendants in this case.  Parker's complaint stated that Fred's Stores's registered agent for service of process was W. Clark Campbell, Jr., of 260 Washington Avenue in Montgomery, Alabama.  Patel attempted to serve the complaint by certified mail to that address, but it was returned by the U.S. Postal Service as not deliverable.  Parker (through Patel) nonetheless moved for a default judgment against Fred's Stores, asserting that service of process had been proper and a default judgment was warranted.  The state court entered default

judgment against Fred's Stores on July 8, 2003, in the amount of $ 100,000.

In April 2004, Patel began proceedings to collect the judgment by issuing a process of garnishment against Fred's Stores for the full amount of the judgment, plus costs.  Fred's Stores first learned of the judgment against it when its bank accounts were frozen pursuant to the order of garnishment. Fred's Stores immediately informed Patel that Campbell was not its registered agent and it had never been served with a complaint, but to no avail.  Eventually, Fred's Stores was able to obtain relief in the state court, and the default judgment was set aside.

Although the matter was eventually cleared up, Fred's Stores asserts that much damage was done.  During the period of garnishment, Fred's Stores was unable to use the funds frozen by its bank, and therefore unable properly to run its business, pay its creditors and shareholders, and take advantage of various business

opportunities.  Fred's Stores also suffered damage to its reputation and credit, and it was required to spend a considerable amount of money in legal fees to set aside the default judgment and order of garnishment.

As a result of this debacle, Fred's Stores, the defendant in the previous state-court case, is now the plaintiff in this federal diversity suit.  Patel and his law firm, counsel for the plaintiff in the previous case, are now the defendants.  Fred's Stores seeks compensatory and punitive damages from them for their "fraudulent[], malicious[], reckless[] and/or negligent[]" acts "in breach of the standard of care expected of legal service providers in the State of Alabama; and in violation of the Alabama Legal Services Liability Act."  Pl. Compl. ¶ VIII (doc. no. 1).


III.  DISCUSSION

Fred's Stores, therefore, brings this action under ALSLA.  1975 Ala. Code §§ 6-5-570 to -581.  Although its

complaint used several tortious adverbs to describe Patel's behavior--"fraudulently, maliciously, recklessly and/or negligently"--no specific common-law causes of action were alleged. Furthermore, Fred's Stores's opposition to the motion to dismiss confirms that it intends to obtain relief exclusively under ALSLA. See Opp'n Mot. Dismiss ¶ 2 (doc. no. 14) ("A[n] ... accurate description of the claims contained in the complaint would be that the complaint alleges that the defendants fraudulently, maliciously, recklessly, and/or negligently, and/or and [sic] in violation of [ALSLA], breached the standard of care expected of legal service providers in the State of Alabama."). Therefore, the court's analysis will concentrate on that statute.

ALSLA was enacted by the Alabama Legislature in 1988 to address a "crisis threaten[ing] the delivery of legal service to the people of Alabama." 1975 Ala. Code § 6-5-573. The legislature sought to provide a "complete and unified approach to legal actions against legal service

providers." Id. Indeed, the language of the statute was expansive, stating: "There shall be only one form and cause of action against legal service providers in courts in the State of Alabama and it shall be known as the legal service liability action and shall have the meaning as defined herein." Id. § 6-5-573. The statute defines the legal service liability action as

> "[a]ny action against a legal service provider in which it is alleged that some injury or damage was caused in whole or in party by the legal service provider's violation of the standard of care applicable to a legal service provider. A legal service liability action embraces all claims for injuries or damages or wrongful death whether in contract or in tort and whether based on an intentional or unintentional act or omission. A legal services liability action embraces any form of action in which a litigant may seek legal redress for a wrong or an injury and every legal theory of recovery, whether common law or statutory, available to a litigant in a court in the State of Alabama now or in the future."

Id. § 6-5-572(1).

Despite the broad-sweeping language of the statute, the Alabama Supreme Court has limited ALSLA's reach to claims by recipients of legal services against their legal services providers.  In Cunningham v. Langston, Frazer, Sweet & Freese, P.A., 727 So.2d 800 (Ala. 1999), the court noted that "from a plaintiff's perspective, the ALSLA applies to any claim originating from his receipt of legal services," 727 So.2d at 803, and held that ALSLA "does not apply to an action filed against a 'legal service provider' by someone whose claim does not arise out of the receipt of legal services," id. at 804.  Then, in Morrow v. Gibson, 827 So.2d 756 (Ala. 2002), the court observed that "language in Cunningham can reasonably be read to suggest the view that the ALSLA applies only to proceedings commenced against the legal-service provider by one who had received legal services, that is, one to whom legal services had been rendered." 827 So.2d at 763. Finally, in Fogarty v. Parker, Poe, Adams, & Bernstein, L.L.P., ___ So.2d ____, 2006 WL 2383376 (Ala. 2006), the

9

court definitively held that ALSLA "applies only to claims brought by the one who receives legal services." 2006 WL 2383376, at *4.

In this case, Fred's Stores intends to pursue a claim against Patel and his law firm under ALSLA.  Such a claim, however, is foreclosed by the Alabama Supreme Court's interpretation of that statute, as Fred's Stores was never the recipient of Patel's legal services. Indeed, Fred's Stores was the opposing party of the person receiving Patel's legal services.  It is clear from the Alabama case law that ALSLA subjects legal service providers to lawsuits by their own clients, but not by their clients' adversaries.  Absent a lawyer-client relationship between Fred's Stores and Patel, there is no cause of action under ALSLA.


## IV. CONCLUSION

For the foregoing reasons, Fred's Stores has failed to state a claim upon which relief could be granted.

Fed. R. Civ. P. 12(b)(6).  Accordingly, the court will grant the defendants' motion to dismiss on that ground.

An appropriate judgment will be entered.

DONE, this the 20th day of October, 2006.


                                            /s/ Myron H. Thompson
                                     **UNITED STATES DISTRICT JUDGE**